UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTIN FUENTES,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-00934-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement and Standard**

Plaintiff Valentin Fuentes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on June 19, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Jerry Brown, Governor of the State of California; (2) Kathleen L. Dickinson, Director of the California Department of Corrections and Rehabilitation ("CDCR"); (3) Terri McDonald, Under Secretary CDCR; (4) Kathleen Allison, Deputy Director; (5) M. Stainer, Deputy Director of Facility Operations; (6) T. L. Gonzalez, Associate Director; (7) Albert Chamberlin, Captain; (8) Ralph M. Diaz, Warden; (9) C. Etchebeh, Associate Warden; (10) R. Tolsen, Associate Warden; (11) L. Cartagena, Captain; (12) S. Smith, Captain; (13) T. Atkin, Lieutenant; (14) R. K. Williams, Lieutenant; (15) M. Jones, Sergeant; (16) J. Tangen, Sergeant; (17) R. Hall, Appeals Coordinator; (18) J. Cota, Appeals Coordinator; (19) C. M. Heck, Appeals Coordinator; (20) K. Ramirez, Correctional Counselor II; (21) A. Lyons, Correctional Officer; (22) C. Lane, Correctional Officer; (23) R. Diaz, Correctional Officer;

1   and (24) V. Magana, Correctional Officer. Defendants are sued in their individual and official
2   capacities.

3   Plaintiff alleges: On April 17, 2013, Defendant V. Magana received a confidential kite from
4   an inmate indicating that there was a sharpened piece of metal in Plaintiff's cell and an inmate was
5   going to be stabbed on the yard. The information was provided to Defendant Magana at 10:00 a.m.
6   After she read the kite, she failed to notify proper personnel and turned a blind eye to the security
7   threat at the institution.

8   At 11:00 a.m., Plaintiff was released from education, returned to his cell to change his clothes
9   and released back into the yard. At 11:15 a.m., the yard was put down by Sgt. J. Tangen and Sgt. M.
10  Jones. Plaintiff was arrested and taken to the facility program officer. Plaintiff was told by the
11  arresting officer that he would be going to Administrative Segregation and would be removed from the
12  facility yard. When Plaintiff asked Defendants why he was going to Ad-Seg, Defendants stated that
13  they had received confidential information regarding Plaintiff.

14  Defendant Magana searched Plaintiff's cell after 11:00 a.m., when Plaintiff was out of the
15  building and over an hour after the confidential information was received. Defendant Magana failed
16  to contact I.G.I. to conduct the search. During the search, Defendant Magana took what was said to be
17  in Plaintiff's locker to the office and took photos for evidence. Defendant Magana failed to follow
18  proper procedures by failing to contact I.G.I. and failing to take photos of the evidence where it was
19  found in the cell. Defendant Magana then stated on the 115 Rule Violation Report that a rock, 2 nails,
20  confidential kite and camera were placed in evidence locker #3 and the confidential information was
21  placed in Plaintiff's C-File, Confidential Section. Defendants violated Plaintiff's rights by not doing
22  an investigation to see if the confidential informant was reliable. Plaintiff argues that Defendants
23  conspired to file a false report in to have Plaintiff collect a lengthier sentence than the eight months he
24  had left.

25  On April 18, 2013, Defendant K. Ramirez came to Plaintiff's cell door in Ad-Seg and asked if
26  Plaintiff had anything to say about his lock-up order. When Plaintiff said no, Defendant Ramirez
27  began to get hostile and threatened Plaintiff that a new lock up order would be written up stating
28  intimidation.

1   On April 22, 2013, Defendant Cartagena came to see Plaintiff in Ad-Seg. Defendant Cartagena told Plaintiff that he was sorry it took him so long to see and interview Plaintiff. He further stated that Plaintiff should have never been removed from the yard and taken to Ad-Seg in the first place. Plaintiff claims that he was falsely imprisoned for over 5 days without reason.

On April 23, 2013, when Defendant Magana unlocked the tray slot to give Plaintiff breakfast, she told Plaintiff that she was going to move him to 5 block. Plaintiff then stated that he wanted to move in with another (A.M.I.) brother. Defendant Magana then stated, "I am no longer going to deal with you in my block. So have your shit packed and be ready to move to 5 block." (ECF No. 1, p. 11.)

On May 6, 2013, Defendant R. K. Williams called Plaintiff for the 115 hearing. Defendant Williams asked Plaintiff if he knew anything about the weapons or nails. Plaintiff responded that he knew nothing about them. Defendant R. K. Williams said that the 115 was going to be dismissed because the confidential information was not in Plaintiff's c-file. Plaintiff stated that he had questions. Defendant Williams stated that the write-up was being dismissed and asked Plaintiff if he was pleading not guilty. Plaintiff stated that he was pleading not guilty. Defendant Williams then stated that there was no need for Plaintiff's questions. Plaintiff then asked when he would receive the final copy of the disposition. Defendant Williams stated that Plaintiff would receive a copy within five days. Plaintiff did not receive a copy until 18 days later.

In Counts 1-3, 5-8, and 10, Plaintiff asserts violations of the California Penal Code. The remainder of his allegations relate to violations of the California Government Code (Count 4), the Administrative Procedures Act (Count 9), false imprisonment (Count 11) and a request for declaratory and injunctive relief (Count 12.)

Plaintiff seeks punitive and compensatory damages.

### III.   Discussion

#### A.   Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities

4

>secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611; Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link the following defendants to any violation of his constitutional rights: Jerry Brown, Kathleen L. Dickinson, Terri McDonald, Kathleen Allison, M. Stainer, T. L. Gonzalez, Albert Chamberlin, Ralph M. Diaz, C. Etchebeh, R. Tolsen, S. Smith, T. Atkin, R. Hall, J. Cota, C. M. Heck, A. Lyons, C. Lane and R. Diaz. If Plaintiff amends his complaint, he must allege what each individual did or failed to do that resulted in a violation of Plaintiff's constitutional rights.

### B. Official Capacity and Eleventh Amendment

Plaintiff brings suit against all defendants in their individual and official capacities. To the extent that Plaintiff seeks to bring damages claims against defendants in their official capacities for money damages, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

### C. Supervisory Liability

To the extent Plaintiff seeks to bring suit against any individual defendant based on his or her role as supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in

1 the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's
2 wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation
3 marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter
4 theory, supervisory liability exists even without overt personal participation in the offensive act if
5 supervisory officials implement a policy so deficient that the policy itself is a repudiation of
6 constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977
7 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

### D. Conspiracy in Violation of 42 U.S.C. § 1985

In Claim 3, Plaintiff alleges that defendants violated Title 42 of the United States Code, section 1985(2). Section 1985(2) proscribes conspiracies for the purpose of impeding the due course of justice in any state, with the intent to deny equal protection of the laws. Coverdell v. Dep't. of Soc. and Health Servs., State of Washington, 834 F.2d 758, 767 (9th Cir. 1987). A claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991).

Here, Plaintiff fails to allege specific facts to support a conspiracy allegation.

### E. California Penal Code Violations

In Claims 1-3, 5-8 and 10, Plaintiff seeks to impose liability against defendants based on alleged violations of California Penal Code sections 2652, 2650, 182, 142, 141, 134, 125, and 147. A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316, 99 S.Ct. 1705, 1725, 60 L.Ed.2d 208 (1979). Where a private right of action has been implied, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." Chrysler Corp., 441 U.S. at 316, 99 S. Ct at 1725 (quoting Cort v. Ash, 422 U.S. 66, 79, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); see Taylor v. Hubbard, 2012 WL 1718055, *4 (E.D. Cal. May 15, 2012); Sohal v. City of Merced Police Dep't, 2009 WL 961465, *7 (E.D. Cal. Apr. 8, 2009) ("[t]his court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action"). The Court has

reviewed the penal code sections cited by Plaintiff in their entirety and can find no indication of a private right of action. Accordingly, Plaintiff's claims for violations of the California Penal Code are not cognizable.

### F. Government Code Violations

In Claims 4 and 6, Plaintiff alleges that defendants violated California Government Code sections 19572 and 19512. The Government Code sections cited by Plaintiff relate to discipline of state civil service personnel. There is no indication that Plaintiff is authorized to bring a private cause of action based on these Government Code provisions.

### G. Administrative Procedures Act

In Claim 9, Plaintiff alleges that defendants violated the Administrative Procedures Act, 5 U.S.C. § 500 *et seq*. The APA cited by Plaintiff governs the manner in which administrative agencies of the federal government propose and establish regulations. Plaintiff is bringing suit against state officials, not federal government employees. Accordingly, the APA has no application to this action.

### H. False Imprisonment

In Claim 11, Plaintiff alleges that Defendants falsely imprisoned him. This allegation appears to relate to Plaintiff's short-term placement in Administrative Segregation during pendency of his 115 Rules Violation Report. To state a claim for false imprisonment, a plaintiff must allege he was restrained by another without proper authority, and the restraint was completely unlawful and without authority. See Collins v. County of Los Angeles, 241 Cal.App.2d 451, 459-60, 50 Cal.Rptr. 586 (Cal.App.1966), Singleton v. Perry, 289 P.2d 794, 45 Cal.2d 489 (Cal.1955). Plaintiff is not challenging the legality of his incarceration in state prison. As such, he cannot state a false imprisonment claim even if he was wrongfully housed in administrative segregation for a period of time.

### I. Disciplinary Proceedings

Insofar as Plaintiff is challenging the disciplinary proceedings, this challenge appears to be moot. Plaintiff admits that his 115 Rule Violation was dismissed.

///

7

### J.  Declaratory Relief

Plaintiff seeks a declaration that his rights were violated.  "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

### IV.  Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief.  The Court will grant Plaintiff an opportunity to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;

8

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **October 21, 2014**             /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE