1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10 | VALENTIN FUENTES,                      Case No.  1:13-cv-00934-BAM (PC)

11 |         Plaintiff,                     ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO

12 |     v.                                  PROSECUTE

13 | JERRY BROWN, et al.,

14 |         Defendants.

_____/

15

16        Plaintiff Valentin Fuentes ("Plaintiff"), a state prisoner proceeding pro se and in forma

17 pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 19, 2013.  Plaintiff

18 consented to the jurisdiction of the United States Magistrate Judge.  (ECF No. 3.)

19        On October 22, 2014, the Court dismissed Plaintiff's complaint with leave to amend within

20 thirty days.  (ECF No. 10.)   The order was returned by the United States Postal Service as

21 Undeliverable, Inactive on November 5, 2014.

22        Plaintiff is required to keep the Court apprised of his current address at all times.  Local

23 Rule 183(b) provides in relevant part:

24        If mail directed to a plaintiff in propria persona by the Clerk is returned by the
       U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing

25        parties within sixty-three (63) days thereafter of a current address, the Court may
       dismiss the action without prejudice for failure to prosecute.

26

27 Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to

28

1  prosecute.[1]

2        More than sixty-three days have passed and Plaintiff has failed to file a notice of change of

3  address and has not otherwise been in contact with the Court.  "In determining whether to dismiss

4  an action for lack of prosecution, the district court is required to weigh several factors: (1) the

5  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

6  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

7  their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440

8  (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594

9  F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*,

10  460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are

11  not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226

12  (citation omitted).

13        This case has been pending since June 2013, and the expeditious resolution of litigation

14  and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  More

15  importantly, given the Court's inability to communicate with Plaintiff, there are no other

16  reasonable alternatives available to address Plaintiff's failure to prosecute this action.  *In re PPA,*

17  460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

18        Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's

19  failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).  This terminates the action in its

20  entirety.

21  IT IS SO ORDERED.

22  Dated:   **January 16, 2015**          /s/ *Barbara A. McAuliffe*

23                                       UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28  [1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).